UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ameriquest Mortgage Company,<br><br>Plaintiff,<br><br>v.<br><br>Old Republic National Title<br>Insurance Company,<br><br>Defendant. | Civil File No. 08CU5958<br>ADM/SRN<br><br>**COMPLAINT**<br>(JURY TRIAL REQUESTED) |

Plaintiff Ameriquest Mortgage Company, for its Complaint in this action, alleges as follows:

## INTRODUCTION

1. This is a declaratory judgment and breach of contract action arising from Defendant Old Republic National Title Insurance Company's failure to honor its contractual obligations and provide insurance coverage to Plaintiff Ameriquest Mortgage Company.

## THE PARTIES

2. Plaintiff Ameriquest Mortgage Company ("Ameriquest") is a Delaware corporation with its principal place of business in Orange, California.

3. Defendant Old Republic National Title Insurance Company ("Old Republic") is a Minnesota corporation with its principal place of business in Minneapolis, Minnesota.

SCANNED
NOV 12 2008
U.S. DISTRICT COURT MPLS

## JURISDICTION AND VENUE

4. This Court has jurisdiction pursuant to 28 U.S.C. §1332, as diversity of citizenship exists between Plaintiff and Defendant. The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5. Venue in this District is proper pursuant to 28 U.S.C. § 1391(a)(1), as Defendant resides in the State of Minnesota.

## STATEMENT OF FACTS

6. On or about April 13, 2005, Ameriquest purchased title insurance from Old Republic in connection with two mortgage loans secured by properties located at 2800 Otto Rd., Charlotte, Michigan, 48813, and 919 Forest, Charlotte, Michigan, 48813 (the "Subject Properties").

7. Ameriquest purchased this title insurance from Old Republic to protect its interest in the Subject Properties.

8. Prior to April 2006, Green Tree Servicing LLC ("Green Tree") brought an action in the Circuit Court of Eaton County, Michigan, to quiet title to the Subject Properties, claiming it had unrecorded liens on the Subject Properties that were superior to Ameriquest's.

9. In April of 2006, Ameriquest notified Old Republic in writing of Green Tree's quiet title action.

10. In May of 2006, Old Republic assumed defense of the suit on Ameriquest's behalf, subject to a reservation of rights.

11. On or about September 22, 2008, Old Republic denied title insurance coverage in response to Ameriquest's timely request for coverage, claiming Ameriquest had actual notice of Green Tree's unrecorded, allegedly superior liens on the Subject Properties.

12. Ameriquest had no notice, actual or otherwise, of any such liens.

13. Old Republic's denial of coverage occurred roughly a month before the quiet title action was to go to trial.

14. Trial counsel, hired by Old Republic and an agent of Old Republic, was, unknown to Ameriquest until the eve of trial, very reluctant to try the case and strenuously urged settlement in the days before the scheduled bench trial.

15. As a result of trial counsel's intense reluctance, Ameriquest found itself in doubt as to trial counsel's ability and/or willingness to mount a vigorous and effective defense on the eve of trial and Ameriquest was forced to settle a meritless claim for $80,000.

## COUNT 1
### (Declaratory Judgment)

16. Ameriquest repeats and realleges paragraphs 1 through 15 above as though fully set forth herein.

17. Ameriquest brings this action for declaratory relief pursuant to 28 U.S.C. § 2201.

18. An actual controversy has arisen and still exists between Ameriquest and Old Republic regarding Old Republic's denial of coverage.

19. Although Old Republic denied coverage on the theory that Ameriquest had actual notice of allegedly superior liens and failed to disclose this notice to Old Republic, Ameriquest had no notice of the liens, actual or otherwise.

20. Accordingly, Ameriquest is entitled to a declaratory judgment that its interest in the Subject Properties is covered by the title insurance it purchased from Old Republic.

## COUNT 2
### (Breach of Contract)

21. Ameriquest repeats and realleges paragraphs 1 through 20 above as though fully set forth herein.

22. Old Republic had a contract with Ameriquest requiring it to, among other things:

   (a) Insure against any loss incurred by Ameriquest because of defect in or lien or encumbrance on the title of the Subject Properties.

   (b) Insure against any loss incurred by Ameriquest because of the priority of any lien or encumbrance over the lien of the insured mortgages.

   (c) Defend Ameriquest in any litigation in which a third party asserts a defect, lien, or encumbrance insured by the policy.

23. After two and a half years, Old Republic breached that contract by unjustifiably denying coverage based on mere allegations that were available to them at the time the contract was entered into.

4

24.     Old Republic also breached the contract by selecting counsel who, unknown to Ameriquest until the eve of trial, was either unwilling or unable to mount a vigorous and effective defense for Ameriquest at trial.

25.     By unjustifiably denying coverage just four short weeks before trial and selecting unprepared counsel, Old Republic left Ameriquest completely unable to defend itself against Green Tree's meritless claims.

26.     As a proximate result of Old Republic's actions, Ameriquest has suffered substantial damages, including, but not limited to, the $80,000 settlement with Green Tree and the costs of having to seek legal redress against Old Republic.

## JURY DEMAND

27.     Ameriquest respectfully demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Ameriquest prays for the following relief against Old Republic:

A.     A declaratory judgment stating that Ameriquest's loans are covered under the insurance policy it purchased from Old Republic;

B.     Compensatory damages in an amount to be determined at trial, but in excess of $80,000;

C.     Ameriquest's costs in pursuing this action (including, to the extent allowed under applicable law, its attorneys' fees);

D.  Pre- and post-judgment interest; and

E.  Any such other and further relief as the Court may deem just and proper.

Dated: November 12, 2008

DORSEY & WHITNEY LLP

By _____
Seth Leventhal #263357
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone: (612) 340-2600

ATTORNEYS FOR PLAINTIFF
AMERIQUEST MORTGAGE
COMPANY